UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank, N.A., Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, as Trustee, on Behalf of the Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8<br><br>Plaintiff<br><br>vs.<br><br>Peter F. Pike and Christina Pike<br><br>Defendants<br><br>USAA Federal Savings Bank ("USAA FSB")<br><br>Party-In-Interest | CIVIL ACTION NO:<br><br><br><br><br>COMPLAINT<br><br>RE:<br>43 Shagbark Lane, Eliot, ME 03903<br><br>Mortgage:<br>July 21, 2006<br>Book 14908, Page 829 |

NOW COMES the Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Peter F. Pike and Christina Pike, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, in which the Defendants, Peter F. Pike and Christina Pike, are the obligor and the total amount owed under the terms of the Note is Five Hundred Forty Thousand Two Hundred Sixteen and 10/100 ($540,216.10) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8 is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Christina Pike, is a resident of Eliot, County of York and State of Maine.

6. The Defendant, Peter F. Pike, is a resident of Eliot, County of York and State of Maine.

7. The Party-in-Interest, USAA Federal Savings Bank ("USAA FSB"), is located at 10760 McDermott Freeway, San Antonio, TX 78288.

## FACTS

8. On July 27, 2004, by virtue of a Warranty Deed from Flynn Building & Development Corporation, which is recorded in the York County Registry of Deeds in **Book 14172, Page 200**, the property situated at 43 Shagbark Lane, Eliot, County of York, and State of Maine, was conveyed to the Defendants, Peter F. Pike and Christina Pike, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On July 21, 2006, the Defendants, Peter F. Pike and Christina Pike, executed and delivered to VIRTUALBANK, a Division of Lydian Private Bank a certain Note in the amount of $399,000.00. Defendants, Peter F. Pike and Christina Pike's personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on July 21, 2006, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nomine for VIRTUALBANK, a Division of Lydian Private Bank, securing the property located at 43 Shagbark Lane, Eliot, ME 03903 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14908, Page 829**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank, National Association as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-AR8 Trust by virtue of an Assignment of Mortgage, dated May 3, 2012 and recorded in the York County

Registry of Deeds in **Book 16328**, **Page 819**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8 by virtue of a Quitclaim Assignment, dated April 6, 2018, and recorded in the York County Registry of Deeds in **Book 17692**, **Page 896**.  *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On January 7, 2019, the Defendants, Peter F. Pike and Christina Pike, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Peter F. Pike and Christina Pike, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit F.

15. The Defendants, Peter F. Pike and Christina Pike, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

19. USAA Federal Savings Bank ("USAA FSB") is a Party-in-Interest pursuant to a Mortgage in the amount of $100,000.00, dated October 4, 2006, and recorded in the York County Registry of Deeds in **Book 15009**, **Page 780** and is in second position behind Plaintiff's Mortgage.

20. The total debt owed under the Note and Mortgage as of August 31, 2019 is Five Hundred Forty Thousand Two Hundred Sixteen and 10/100 ($540,216.10) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $383,047.13 |
| Interest | $106,113.38 |
| Escrow Advance Balance | $50,496.25 |
| Advance Balance | $367.00 |
| Late Charges | $192.34 |
| Grand Total | $540,216.10 |

21. Upon information and belief, the Defendants, Peter F. Pike and Christina Pike, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

22. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure respecting a real estate related Mortgage and title located at 43 Shagbark Lane, Eliot, County of York, and State of Maine. *See* Exhibit A.

24. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, has the right to foreclosure upon the subject property.

25. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendants, Peter F. Pike and Christina Pike, are presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2011, and all

subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

27. The total debt owed under the Note and Mortgage as of August 31, 2019 is Five Hundred Forty Thousand Two Hundred Sixteen and 10/100 ($540,216.10) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $383,047.13 |
| Interest | $106,113.38 |
| Escrow Advance Balance | $50,496.25 |
| Advance Balance | $367.00 |
| Late Charges | $192.34 |
| Grand Total | $540,216.10 |

28. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate, as affected by Defendants, Peter F. Pike and Christina Pike's discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, Peter F. Pike and Christina Pike, but only seeks *in rem* judgment against the property.

30. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Peter F. Pike and Christina Pike, on January 7, 2019, evidenced by the Certificate of Mailing. *See* Exhibit F.

31. The Defendants, Peter F. Pike and Christina Pike, are not in the Military as evidenced by the attached Exhibit G.

## COUNT II – EQUITABLE MORTGAGE

32. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. The intent of Defendants, Peter F. Pike and Christina Pike, and the original lender, VIRTUALBANK, a Division of Lydian Private Bank, on July 21, 2006, was to create a mortgage on the property commonly known as and numbered as 43 Shagbark Lane, Eliot, ME 03903.

34. This intent is shown by the execution of a Promissory Note, dated July 21, 2006, to VIRTUALBANK, a Division of Lydian Private Bank, in the amount of $399,000.00.

35. The value given at the time of the transaction was $399,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendants, Peter F. Pike and Christina Pike, and VIRTUALBANK, a Division of Lydian Private Bank on the date of the transaction, July 21, 2006, that a mortgage be granted on the subject property.

36. The aforesaid Promissory Note, specifically references, as the "Property Address."

37. In addition to the aforesaid Promissory Note, Defendants, Peter F. Pike and Christina Pike, also executed a Mortgage on July 21, 2006, which particularly referenced exactly the same property address of 43 Shagbark Lane, Eliot, ME 03903, which was referenced on the aforesaid Promissory Note.

38. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014); *U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle*

*Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8 v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 ME 230(Me. 2017).

39. This defect is not related to the original execution of the documents, nor the intent of the Defendants, Peter F. Pike and Christina Pike, or VIRTUALBANK, a Division of Lydian Private Bank, but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

40. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny; *see*, *Deschaine*, Fn. 2, Fn 4; *Pushard*, Fn 14.

41. It was the intent of Defendants, Peter F. Pike and Christina Pike, and VIRTUALBANK, a Division of Lydian Private Bank, at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

42. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, is the owner and holder of the subject Promissory Note.

43. The Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

44. Equity requires that "what ought to have been done has been done." *See*, *Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me. 1929).

45. When it is the intent of the parties, at the time of the transaction, that there be a mortgage

"[t]he real intent governs". *See*, *Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

46. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

47. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property. Defendants, Peter F. Pike and Christina Pike, have no personal liability in this matter.

48. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See*, *Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322, as affected by Defendants, Peter F. Pike and Christina Pike, discharges in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendants, but only seeks i*n rem* judgment against the property;

b) Find that the Defendants, Peter F. Pike and Christina Pike, entered into a contract for a sum certain in exchange for a security interest in the subject property;

c) Find that it was the intent of the Defendants, Peter F. Pike and Christina Pike, and the original lender, VIRTUALBANK, a Division of Lydian Private Bank, on July 21, 2006 to create a mortgage on the property commonly known as and numbered as 43 Shagbark Lane, Eliot, ME 03903;

d)  Impose an equitable mortgage upon the property known as and numbered as 43 Shagbark Lane, Eliot, ME 03903 for the benefit of the Plaintiff, who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

e)  Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

f)  Find that while the Defendants, Peter F. Pike and Christina Pike, have no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 43 Shagbark Lane, Eliot, ME 03903;

g)  Grant possession to the Plaintiff, U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, upon the expiration of the period of redemption;

h)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank N.A., as Trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8,
By its attorneys,

Dated: August 28, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com