UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, as Trustee, on Behalf of the Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8<br><br>**Plaintiff**<br><br>vs.<br><br>Peter F. Pike and Christina Pike<br><br>**Defendants**<br><br>USAA Federal Savings Bank ("USAA FSB")<br><br>**Party-in-Interest** | CIVIL ACTION NO: 2:19-cv-00396-JDL<br><br><br><br>**PLAINTIFF'S FINAL PRETRIAL MEMORANDUM**<br><br>RE:<br>43 Shagbark Lane, Eliot, ME 03903<br><br>Mortgage:<br>July 21, 2006<br>Book 14908, Page 829 |

The instant matter is a Complaint for an *in rem* foreclosure under 14 M.R.S.A. § 6322 filed after both borrowers have received discharges of their individual liability for the debt and based on a 2011 default. This Court has Diversity where, as here, the Plaintiff, U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, as Trustee, on Behalf of the Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8, ("U.S. Bank") is a National Association, with its principle place of business and main office located at 800 Nicollet Mall, Minneapolis, Minnesota, 55402, and therefore a citizen of Minnesota, and the Defendants reside in the subject premises and are therefore citizens of Maine. *See 1900 Capital Trust III by U.S. Bank Trust National Association v. Sidelinger* 2021 WL 864951 and Exhibit A attached hereto.[1]

---

[1] The Attached Form T-1 for U.S. Bank National Association reflects that it is a National Association with an address for its principle executive offices in Minneapolis Minnesota. This document also reflects that it is "U.S. Bank National Association," Cincinnati, Ohio (Charter No. 24 ), is a national banking association formed under the laws

The defenses advanced in Answer to the Complaint, *laches,* unclean hands, equitable estopple and bad faith are precluded by the Defendants' discharge in Bankruptcy and well-settled law in this circuit. The affirmative defense requesting mediation has been resolved by the parties attendance, both in this Court, and in the Foreclosure Diversion Program.

The Plaintiff acknowledges that the Defendants, Peter F. Pike and Christina Pike, have no personal liability for the debt and that Plaintiff's relief is limited to *in rem* relief against the subject property. The Defendants' defense to U.S. Bank's *in rem* Complaint for Foreclosure and Equitable Mortgage is, in essence, that, notwithstanding receipt of their Chapter 7 Discharges from personal liability, they hoped to modify the loan and [they] did not get offered as good of a modification as [they] wanted. While it is Plaintiff's position that these allegations, even if established, constitute a sufficient defense to foreclosure, even if they did, the Defendants' arguments are inconsistent with the positions they took in 2012 and 2014, respectively, when they petitioned for and obtained discharges of their personal liability for the debt in their Chapter 7 bankruptcy proceedings. Both Defendants acknowledged the validity of the debt and represented their intention to cure the arrearages and maintain the mortgage obligation in their bankruptcies. The arrearages were not cured, however, and, in turn, each of the Defendants received their discharge from personal liability. Because the Default was not cured, U.S. Bank commenced this action to enforce its *in rem* rights to the property once it had obtained the appropriate assignments of mortgage.

Notwithstanding Mr. Pike's receipt of a Chapter 7 Discharge of his personal liability, the Pikes attempt to avoid the doctrine of Judicial Estoppel as a bar to their defenses to U.S. Bank's *in rem* Complaint for Foreclosure by arguing, in essence, that Mr. Pike's 2012 Statement of Intention indicated that he wanted to "reaffirm" his debt and that he asked to modify the loan but was not

---

of the United States. The Ohio address is referenced in the Complaint [DK 1] however in light of the decision in *Sidelinger,* the additional information concerning the National Association's principle place of business and main office is attached and a Motion to Amend the Complaint to conform will be filed to mirror.

offered as good of a modification as he wanted. In her 2014 Chapter 7 Bankruptcy, Christina Pike also declared her intention to reaffirm both her debt to SPS and her debt on her 2008 Pathfinder, but ultimately only reaffirmed the Pathfinder debt for $18,947.82 with payments of $488.77 a month. She did not reaffirm or pay the debt on the home. She also obtained her Chapter 7 Discharge and, as a result, is no longer personally liable for the underlying debt in this action. Even if established, U.S. Bank's inability to propose a loan modification offer that satisfied the Pike's expectations is not a defense to foreclosure. Further, filing a Statement of Intention in 2012 or 2014 that includes language indicating one's intent to reaffirm the debt, which was never acted on, does not protect the debtor from the preclusive effect of Judicial Estoppel. The Defendants' arguments are inconsistent with the positions they took in their 2012 and 2014 Chapter 7 bankruptcy proceedings wherein they petitioned for and obtained discharges of their personal liability without reaffirming this debt. *See* Exhibit B (true and correct copies of the Bankruptcy Dockets reflecting the Defendants Discharges are attached hereto). Of particular note is Docket Entry 7 in Christina Pike's 2014 Chapter 7 Bankruptcy wherein she does affirm the debt of Fifth Third Bank. Had the Pike's reaffirmed their debt and then failed to pay they would have a stronger position. Simply stating that one wishes to reaffirm a debt, and then failing to pay said debt for over eleven years, is a debtor's right following receipt of a discharge that extinguishes any personal responsibility; but with that benefit comes the bar from contesting the enforcement of the creditor's lien against the asset in an action for Foreclosure because that is an inconsistent position in a subsequent action. Judicial Estoppel precludes the Defendants from advancing such inconsistent positions in this action.

      Additional recent authority to supports the application of Judicial Estoppel in this context can be found in *Diaz-Baez v. Alicia-Vasallo*, 22 F.4th 11, 21 (1st Cir. Dec. 23, 2021). In *Diaz-Baez*, the First Circuit upheld the District Court's decision to bar the party from "pressing a claim that is inconsistent with a position taken by that litigant . . . in a prior proceeding . . ." and found that the

Plaintiffs "waived the argument that judicial estoppel does not apply by failing to develop it. *Id.* a 21, 22, *quoting United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Further, in *In re Buscone*, the First Circuit affirmed Judge Bailey's discretionary determination to apply judicial estoppel to the creditor's claims based on the jurisprudence from the First Circuit. *See* 634 B.R. 152, 169-171 (B.A.P. 1st Cir. 2021). The Bankruptcy Appellate Panel emphasized that the essence of the doctrine is substance over form and acknowledged "the First Circuit's 'guiding principle of judicial estoppel' – that it 'should be employed when a litigant is playing fast and loose with the courts . . .'" *Id.* at 170, *quoting Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987).

Here, the Defendants' defenses represent the plain inconsistency of positions called for in the application of the doctrine of judicial estoppel in this Circuit. In their each of their respective bankruptcies, both Defendants acknowledged the mortgage lien now held and sought to be enforced by the Plaintiff, and both Defendants represented their intention to "reaffirm" the mortgage obligation, but both failed to do so either prior to or after receiving their discharge. The arrearages were not cured, the loan remains due for September 1, 2011, with over $136,000.00 in interest and $70,000.00 in advances. Neither of the Defendants are personally liable for the debt where, as here, they each received their discharge from personal liability in their Chapter 7 bankruptcy proceedings. Nevertheless, the mortgage loan debt remains due and owing and the creditor's attempt to enforce its lien against the asset following the bankruptcy should not be thwarted by the same individuals who received the benefit of a bankruptcy discharge in a prior action. *See Diaz-Baez*, 22 F.4th at 21, 22; *Buscone*, 634 B.R. at 169-171. Because the debt was never reaffirmed and the default was not cured, U.S. Bank commenced this action to enforce its *in rem* rights to the property. As such, the equitable doctrine of Judicial Estoppel should be applied in this case as a bar to any defense to foreclosure and sale.

Justice Ginsburg outlined the well-settled principles relating to the doctrine of Judicial Estoppel in *New Hampshire v. Maine*:

> [W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee,* 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich,* 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000); see 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

532 U.S. 742, 749 (2001).

Justice Ginsburg emphasized that while Judicial Estoppel is not "reducible to any general formulation of principle," *Id.* at 750*, quoting Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir. 1982); *accord Lowery v. Stovall,* 92 F.3d 219, 223 (4th Cir. 1996); *Patriot Cinemas, Inc. v. General Cinemas Corp.,* 834 F.2d 208, 212 (1st Cir. 1987), three factors typically assist courts in analyzing whether the doctrine will apply to bar the present claim or defense. "First, a party's later position must be 'clearly inconsistent' with its earlier position." *New Hampshire*, 532 U.S. at 750*, citing United States v. Hook,* 195 F.3d 299, 306 (7th Cir. 1999); *In re Coastal Plains, Inc.,* 179 F.3d 197, 206 (5th Cir. 1999); *Hossaini v. Western Mo. Medical Center,* 140 F.3d 1140, 1143 (8th Cir. 1998); *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 98 (2nd Cir. 1997). "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first

or the second court was misled.'" *Id.* at 750, *quoting Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982). Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751, *citing Davis,* 156 U.S. at 689; *Philadelphia, W. & B.R. Co. v. Howard,* 54 U.S. 307, 13 How. 307, 335–337 (1851); *Scarano v. Central R. Co. of N.J.,* 203 F.2d 510, 513 (3d Cir. 1953)(judicial estoppel forbids use of "intentional self-contradiction ... as a means of obtaining unfair advantage").

This Circuit has consistently applied the doctrine in circumstances similar to the instant case wherein the borrower lists and acknowledges the debt and the secured creditor's claim to the asset for purposes of obtaining the bankruptcy discharge, and later contests the creditor's efforts to enforce its lien. *See Payless Wholesale Distributors v. Culver,* 989 F.2d 570, 571 (1st Cir. 1993); *Perry v. Blum*, 629 F.3d 1, 8 (2010) *see also Failla v. CitiBank, N.A.,* Case No. 15-15626 (11th Cir. 2016). In *Payless*, the First Circuit recognized that

> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in Payless's present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively.

989 F.2d at 571.

In general, Judicial Estoppel "precludes a party from asserting a position in one legal proceeding which is contrary to a position [that] it has already asserted in another." *Patriot Cinemas*, 834 F.2d at 212. The doctrine "should be employed when a litigant is 'playing fast and loose with the courts,' and when 'intentional self-contradiction is being used as a means of obtaining unfair advantage.'" *Id., quoting Scarano*, 203 F.2d at 513; *see, e.g., In re H.R.P. Auto Center, Inc.,* 130 B.R. 247, 253-54 (Bankr.N.D.Ohio 1991)(collecting cases and examples of the application of the doctrine in the context of bankruptcy).

Appling the doctrine in another bankruptcy matter wherein the debtors received the benefit of their discharge, the First Circuit elaborated on the applicability of the doctrine explaining that "[a] bankruptcy court 'accepts' a position taken in the form of omissions from bankruptcy schedules when it grants the debtor relief, such as discharge, on the basis of those filings." *Guay v. Burack*, 677 F.3d 10, 18 (1st Cir. 2012), *citing Cannon–Stokes v. Potter,* 453 F.3d 446, 447 (7th Cir. 2006)("[Debtor] had represented that she had no claim against [defendant] ...; that representation had prevailed; she had obtained a valuable benefit in the discharge of her debt." (alteration in original)); *Payless Wholesale Distributors,* 989 F.2d at 571 ("[Debtor] having obtained judicial relief on the representation that no claims existed, cannot now resurrect them and obtain relief on the opposite basis.").

Likewise, the Pikes have obtained the benefit of their discharge and have no liability for the debt and yet seek to challenge the enforcement of the Mortgage lien in this matter. The principles of Judicial Estoppel bar this effort. As a matter of law, the Debtor cannot, in the instant action, assert that the Plaintiff should not be entitled to foreclose. This argument is inconsistent with the representations asserted in their bankruptcy proceeding in which the Debtor was clearly successful in obtaining a discharge of their personal liability for the debt and their continued resistance to the foreclosure of the mortgage lien and enforcement of the creditor's *in rem* interest is clearly disadvantageous. *See Payless Wholesale Distributors*, 989 F.2d at 571.

As the United States Supreme Court recognized, a "creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee." *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992). It is that bargained for *in rem* interest that DBNT was enforcing prior to the Order imposing a stay in the instant action.

In reviewing the legal issues and the allegations in the Complaint and Exhibits in the context of the Defendants' Answer, it is clear that the essential elements of foreclosure have been

established. The Defendants have admitted to the execution of the subject Note and Mortgage. Further, the Defendants have acknowledged this debt and admitted to their non-payment since 2011. The Answer contains general denials and the affirmative defenses that focus on the length of time that it has taken to obtain documents establishing the Plaintiff's standing in the rapidly developing ambit of Maine law and their difficulties in obtaining a modification on terms that they were willing to accept following their Chapter 7 discharges. The Defendants have successfully delayed the foreclosure and remained in the home while the Plaintiff has waited not only to exercise on its collateral but also has advances thousands in taxes and insurance for this high value home.  The Defendants have failed to avoid foreclosure through modification or sale of the home and have failed to allege any defense that would be sufficient to preclude foreclosure.

    The evidence at trial will prove:

    1.    Notice in conformity with 14 M.R.S.A. § 6111 was made upon the Defendants by certified mail, return receipt requested, pursuant to 14 M.R.S.A. § 6111.  This Notice included, but was not limited to the Defendants` (mortgagor's) right to cure and time period therefore; and

    a)    The mortgagor's right to cure the default as provided in subsection 1 of 14 M.R.S.A. § 6111 (By full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note, as well as reasonable attorney's fees.  If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.)

    b)    An itemization of all past due amounts causing the loan to be in default;

    c)    An itemization of any other charges that must be paid in order to cure the default;

  d) A statement that the mortgagor may have options available other than foreclosure, that the mortgagor may discuss available options with the mortgagee, the mortgage servicer or a counselor approved by the United States Department of Housing and Urban Development and that the mortgagor is encouraged to explore available options prior to the end of the right-to-cure period;

  e) The address, telephone number and other contact information for persons having authority to modify a mortgage loan with the mortgagor to avoid foreclosure, including, but not limited to, the mortgagee, the mortgage servicer and an agent of the mortgagee;

  f) The name, address, telephone number and other contact information for all counseling agencies approved by the United States Department of Housing and Urban Development, operating to assist mortgagors in Maine to avoid foreclosure; and

  g) Where mediation is available as set forth in section 14 M.R.S.A. § 6321- A, a statement that a mortgagor may request mediation to explore options for avoiding foreclosure judgment.

The information derived from the Plaintiff's business records will establish each of the elements of Foreclosure and Sale and is admissible in evidence under Rule 803(6) of the Federal Rules of Evidence (the business records exception to the hearsay rule) and the standard established under *U.S. Bank v. Jones.  See* 330 F. Supp.3rd 530, 540 (D.Me. June 26, 218), *affirmed by,* 925 F.3d 534 (1st Cir., May 30, 2019), *rehearing and rehearing en banc denied* on July 23, 2019 (1st Cir. Holding (1) the district court did not abuse its discretion in finding that the loan history, including that of the prior loan servicer, was sufficiently reliable so as to be admitted under Fed.R.Evid. 803(6); and (2) the district court's admission of the history did not violate Fed.R.Evid. 901, 1001 or 1002); *see also Bank*

*of New York Mellon v. Shone*, 239 A.3d 671, 2020 ME 122, 2020 WL 6165853 (Oct. 22, 2020) *Deutsche Bank v. Clifford*, 2021 ME 11, 2021 WL 727924, (Feb. 25, 2021).

The facts to be established by the evidence include the execution of the Note and Mortgage, assignment of the mortgage to Plaintiff, endorsement and transfer of the Note to Plaintiff in accordance with 11 M.R.S.A. §§ 3-1201 and 3-1203, default in payment of this Note, the amount due, and evidence to be submitted entitles the Plaintiff to Judgment as a matter of law under 14 M.R.S.A. § 6322. *See Jones*, 330 F. Supp.3rd at 535; *H.S.B.C. Bank, as Trustee v. Gabay*, 2011 ME 101, ¶10, 28 A.3d 1158, 1164 (2011); *Chase v. Higgins*, 2009 ME 136, ¶11, 9985 A.2d 508, 510-511 (2009); *see also Abbot v. LaCourse*, 2005 ME 103, ¶10, 882 A.2d 253, 255 (2005); *Simansky v. Clark*, 128 ME 280, 147 A. 205 (1929) (the promissory note need only be produced at trial and the suit cannot be defeated by questioning the standing of the party entitled to enforce a promise).

Pursuant to 14 M.R.S. § 6322, and precedent established by, but not limited to, *Jones,* 330 F. Supp.3rd at 535; *Bank of America v. Greenleaf*, 2014 ME 89, ¶13, 96 A.3d 700, 708 (2014); *Bank of America v. Cloutier*, 2013 ME 17, ¶13, 61 A.3d 1242, 1245 (Me. 2013); *H.S.B.S. Bank, as Trustee v. Gabay*, 2011 ME 101, ¶10, 28 A.3d at 1164; *Wells Fargo Bank, N.A. v. deBree*, 2012 ME 34, ¶9, 38 A.3d 1257, 1259 (2012); *Beneficial Maine, Inc. v. Carter*, 2011 ME 77, 25 A.3d 96 (2011); *Chase v. Higgins*, 2009 ME 136, ¶11, 985 A.2d at 510-511; *Deutsche Bank Nat'l Trust Co. v. Raggiani*, 2009 ME 120, ¶¶ 5-8, 985 A.2d 1, 3 (2009); the Plaintiff will meet its burden of proof on each of the elements of foreclosure:

1. the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any," *see* P.L. 2009, ch. 402 §§ 9, 17 (effective June 15, 2009) (amending 14 M.R.S. §§ 2401(3), 6321 (2008));

2. properly presented proof of ownership of the LRSA and the Mortgage, including all

assignments and endorsements of the LRSA and the Mortgage, M.R. Civ. P. 56(j) (amendment effective Aug. 3, 2009); *see* P.L. 2009, ch. 402, § 17 (effective June 15, 2009) (amending 14 M.R.S. § 6321 (2008));

3. a breach of condition in the Mortgage, *see* 14 M.R.S. § 6322 (2008); *Johnson v. McNeil*, 2002 ME 99, ¶ 17, 800 A.2d 702, 705 (2002);

4. the amount due on the LRSA, including any reasonable attorney fees and court costs, *see* 14 M.R.S. § 6322; P.L. 2009, ch. 402, § 11 (effective June 15, 2009) (to be codified at 14 M.R.S. § 6111(1-A)); *Johnson*, 2002 ME 99, ¶ 17, 800 A.2d at 705;

5. the order of priority and any amounts that may be due to other parties-in-interest, including any public utility easements, *see* 14 M.R.S. § 6322; *Johnson*, 2002 ME 99 ¶ 17, 800 A.2d at 705;

6. evidence of properly served notice of default and mortgagor's right to cure in compliance with statutory requirements, and/or the LRSA and Mortgage, including notice of the availability of mediation and in accordance with 14 M.R.S. § 6111 and M.R. Civ. P. 56(j);

7. that the Defendants, Peter F. Pike and Christina Pike, are not in military service in accordance with the Servicemembers Civil Relief Act, *see* 50 U.S.C.S. App § 521 (LexisNexis Supp. 2009); M.R.Civ. P. 55(b)(4), *see Chase*, 2009 ME 136; *see also Camden Nat'l Bank v. Peterson*, 2008 ME 85, ¶ 21, 948 A.2d 1251, 1257 (2008) (stating that a party seeking foreclosure must comply strictly with all steps required by statute);

8. a statement that the total amount due does not include any amounts that become due after the date of the notice;

9. the recording of the Affidavit of Commencement of this foreclosure action; and

10. reference to and participation in the Foreclosure Diversion Program.

A Note, secured by a mortgage, is a negotiable instrument, and therefore, it is governed by the provisions of the Uniform Commercial Code, as codified in 11 M.R.S. § 3-1101, *et seq.* A person

or entity may be a person or entity "entitled to enforce the instrument even though the person is not the owner of the instrument." 11 M.R.S. § 3-1301(3). The Holder of the Note, as defined as a person or entity entitled to enforce an instrument pursuant to 11 M.R.S. § 3-1301, has standing to initiate, pursue and prevail in a foreclosure action. *See Cloutier,* 2013 ME 17 at ¶ 15. It is well-settled that the "holder of a negotiable instrument and the other parties listed in § 3-1301 are the 'only' parties entitled to enforce a negotiable instrument." *Green Tree Servicing, Inc. v. Corsetti*, Cumb. Sup. Ct. Docket No. RE-11-419, *citing Mortgage Electronic Systems, Inc. v. Saunders*, 2010 ME 79, ¶ 12, 2 A.3d 289, 296 (Me. 2010); *see also Cloutier*, 2013 ME 17. Plaintiff holds the Note through its agent, Doonan, Graves & Longoria, LLC, and will present same at trial.

The Note is also a self-authenticating document pursuant to Fed.R.Evid. 902(9). Rule 902(9) specifically provides that "extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to […] Commercial paper, signatures thereon and documents relating thereto to the extend provided by general commercial law." Fed.R.Evid. 902(9). In addition, the Mortgage and Assignments of Mortgage herein are self-authenticating documents. Fed.R.Evid. 902(4). Rule 902(4) provides that a "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to […] a copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office […]." Fed.R.Evid. 902(4). As certified copies of public records, the Mortgage and Assignments are self-authenticating documents. *See also* Fed.R.Evid. 1005 (noting that the contents of a public record are proved by a certified copy).

Furthermore, the Mortgage and Assignments of Mortgage are admissible pursuant to Federal Rules of Evidence 803(14) as documents affecting an interest in property. *See U.S. Bank v. Gordon,* 2020 ME 33, ¶8, 2020 WL 1270494 *1 (March 17, 2020) As such, the foundational requirements of Rule 803(6) are met as argued above, but not required, and Plaintiff's exhibits are

admissible on this ground as well. The loan history and account summary reflecting the payments and charges on the account as well as the total due are, likewise, business records that are admissible under Fed.R.Evid. 803(6). *Jones*, 330 F. Supp.3d at 540, *see also Bank of New York Mellon v. Shone*, 239 A.3d 671, 2020 ME 122, ¶ 1, 2020 WL 6165853 *1; *Deutsche Bank v. Clifford*, 2021 ME 11, 2021 WL 727924. The records are properly admitted notwithstanding the fact that they include records incorporated from prior servicers. *Jones*, 925 F.3d at 537-538, *citing FTC v. Direct Marketing Concepts, Inc.*, 624 F.3d 1, 16 n. 15 (1st Cir. 2020) (holding that integrated business records satisfy Rule 803(6) without requiring an extension of that Rule); *United States v. Doe*, 960 F.2d 221,223 (1st Cir. 1992); *see also United States v. Trenkler*, 61 F.3d 45, 57-58 (1st Cir. 1995); *United States v. Nivica*, 887 F.2d 1110, 1126-27 (1st Cir. 1989) (noting that, where insufficient foundation was laid to admit financial documents as business records, the district court had discretion to admit the document under the residual exception set forth in Rule 807). *See also Bank of New York Mellon v. Shone*, 2020 ME 122; *Deutsche Bank v. Clifford*, 2021 ME 11.

In this case, "U.S. Bank has both possession of the promissory note indorsed to it and ownership over the Mortgage, U.S. Bank has standing to foreclose." [ECF 1] citing *Greenleaf*, 2014 ME 89, ¶ 9, 96 A.3d at 705 ("[S]tanding to foreclose involves the plaintiff's interest in both the promissory note and the mortgage").

Wherefore, it is respectfully submitted that U.S. Bank has established the essential elements necessary to succeed on its claim for foreclosure and sale in this case and the Defendants cannot demonstrate any meritorious defenses to said claim; and, further, even if the Defendants' defenses had merit, which they do not, given their success in their bankruptcy proceedings in obtaining a discharge of their personal liability together with the potential, unquestionable disadvantage to the Plaintiff should the Defendants' prior position be reversed in the present action, the Defendants should be estopped from asserting any defense to the *in rem* enforcement of the Plaintiff's lien.

The Plaintiff plans on calling the following witnesses at trial:

**WITNESSES:**

1. Defendants, Peter F. Pike and Christina Pike, and
2. Representative of Select Portfolio Servicing, Inc., servicer for the holder and note for U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, as Trustee, on Behalf of the Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8

**EXHIBITS:**

1. Promissory Note in the amount of $399,000.00, executed by Peter F. Pike and Christina Pike on July 21, 2006, for the benefit of Virtualbank, a Division of Lydian Private Bank;
2. Bailee Letter dated May 14, 2019;
3. Mortgage Deed securing the residence located at 43 Shagbark Lane, Eliot, ME 03903, executed by Peter F. Pike and Christina Pike on July 21, 2006, for the benefit of Mortgage Electronic Registration Systems, Inc. as nomine for VIRTUALBANK, a Division of Lydian Private Bank, recorded in the York County Registry of Deeds in **Book 14908, Page 829**;
4. Quitclaim Assignment from Federal Deposit Insurance Corporation ("FDIC") as Receiver for Lydian Private Bank, N.A., also known of record as Virtual Bank, a division of Lydian Private Bank, to U.S. Bank, National Association as trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2006-AR8 Trust, dated April 6, 2018, and recorded in **Book 17692, Page 896**;
5. Notice of Mortgagor's Right to Cure to Peter F. Pike and Christina Pike dated January 7, 2019;

6. Defendants' Answer of Complaint;

7. Defendants' Response to Plaintiff's First Request for Admission;

8. Loan History of subject mortgage;

9. Affidavit Relating to Military Search, pursuant to the Servicemembers Civil Relief Act demonstrating that Defendants are not in the military.

10. Excerpts from the Depositions of the Defendants

11. Photographs of the Property

12. Property valuations

13. Documentation from the Bankruptcy including the Chapter 7 Discharges, plan and schedules.

Respectfully Submitted,

Dated: June 21, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq., hereby certify that on this 21th day of June 2023, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Peter L. Hatem
200 U.S. Route 1
Suite 210
Scarborough, ME 04074-6003

USAA Federal Savings Bank ("USAA FSB")
10750 McDermott Freeway
San Antonio, TX 78288