UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK, N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES, WMALT SERIES 2006-AR8, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | 2:19-cv-00396-JDL |
| v. | ) ) | |
| PETER F. PIKE and CHRISTINA PIKE, | ) ) | |
| Defendants, | ) ) ) | |
| USAA FEDERAL SAVINGS BANK, | ) ) | |
| Party-in-Interest. | ) | |

**ORDER**

Plaintiff U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank, N.A., as Trustee, on Behalf of the Holders of the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2006-AR8 ("U.S. Bank") seeks to foreclose on the real property located at 43 Shagbark Lane in Eliot, Maine (ECF No. 1).[1] Defendant borrowers Peter F. Pike and Christina Pike ("the Pikes"), who live at the mortgaged property, argue that U.S. Bank cannot foreclose on their home because the bank did not strictly comply with the notice

---

[1] The Complaint also includes a count for equitable mortgage, but U.S. Bank expressly "dismiss[ed] that count" at trial.

1

statute that, they argue, serves to provide residential mortgagors a meaningful opportunity to cure a default. A bench trial was held on August 17, 2023; both Defendants testified, as did Cynthia Stevens, an employee of Select Portfolio Servicing, Inc., which holds and services the note on the Pikes' property for U.S. Bank. After carefully reviewing the evidence and the parties' pre- and post-trial submissions (ECF Nos. 48, 49, 53, 65, 67, 94, 95), I make the following findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a).

## I. FINDINGS OF FACT

On July 21, 2006, the Pikes executed a mortgage on 43 Shagbark Lane in Eliot, Maine (ECF No. 1-3) that secured a $399,000.00 note that was signed the same day (ECF No. 1-2). The mortgage named VIRTUALBANK, a Division of Lydian Private Bank, as lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the lender's "nominee." ECF No. 1-3 at 2. U.S. Bank owns the mortgage by way of two assignments: one from MERS (ECF No. 1-4) and another, a quitclaim assignment, from the Federal Deposit Insurance Corporation "as Receiver for Lydian Private Bank." ECF No. 1-5. U.S. Bank also holds the note; I have examined a copy of the note, which the Pikes admit is a true and accurate copy of the original. In addition to principal and interest, the mortgage obligates the Pikes to include escrow advancements for taxes, insurance, and other costs in their monthly payments.

The Pikes failed to make their monthly payment due on September 1, 2011, and have not made any payments since. On January 7, 2019, U.S. Bank sent the Pikes a notice of their right to cure the default on the mortgage (ECF No. 1-6). The notice included the following guidance as to the amount required to cure the default:

> An itemization of all past due amounts, including, but not limited to, reasonable interest and late charges, attorney's fees and other reasonable fees and costs, causing the loan to be in default is as follows:
>
> | | | |
> |---|---|---:|
> | Amount of Past Due Payments | $ | 219,203.15 |
> | Late Charges | $ | 192.34 |
> | **TOTAL TO CURE DEFAULT**: | $ | 219,395.49 |

ECF No. 1-6 at 2. The notice also warned the Pikes that failing to cure the default within 35 days of receipt could result in U.S. Bank foreclosing on and selling their property. On August 28, 2019, several months after the cure period ended without payment from the Pikes, U.S. Bank filed the Complaint initiating these foreclosure proceedings.[2]

## II. CONCLUSIONS OF LAW

Of the eight elements of proof in a Maine foreclosure action, the Pikes principally dispute that U.S. Bank's "notice of default and mortgagor's right to cure [complied] with statutory requirements."[3] *Bank of Am., N.A. v. Greenleaf*, 2014 ME

---

[2] Because the Pikes' debts were discharged through Chapter 7 bankruptcy proceedings, U.S. Bank requests an *in rem* judgment only and does not seek to hold the Pikes personally liable for any amounts owed.

[3] The other seven elements are: (1) "the existence of the mortgage, including the book and page number of the mortgage, and an adequate description of the mortgaged premises, including the street address, if any;" (2) "properly presented proof of ownership of the mortgage note and [evidence of the mortgage note and] the mortgage, including all assignments and endorsements of the note and the mortgage;" (3) "a breach of condition in the mortgage;" (4) "the amount due on the mortgage note, including any reasonable attorney fees and court costs;" (5) "the order of priority and any amounts that may be due to other parties in interest, including any public utility easements;" (6) "after January 1, 2010, proof of completed mediation (or waiver or default of mediation), when required, pursuant to the statewide foreclosure mediation program rules" and (7) "if the homeowner has not appeared in the proceeding, a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act." *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (alteration in original). The Pikes also contest the accuracy of the amounts due under the mortgage, but only as a function of the allegedly defective notice, the lack of itemization from which, they argue, prevents them from verifying what U.S. Bank claims they owe.

89, ¶ 18, 96 A.3d 700. U.S. Bank insists it strictly complied with the applicable notice statute, 14 M.R.S.A. § 6111 (West 2023).[4]

"'Before foreclosing on a person's residence, the lender owes a basic statutory responsibility to explain to the borrower what precisely it contends is owed' or else the mortgagor would have to decide how to respond to the notice of right to cure with incomplete information." *U.S. Bank Tr. N.A. v. Thomas*, No. 2:19-cv-00361-JDL, 2022 WL 4546177, at *5 (D. Me. Sept. 29, 2022) (quoting *Fed. Nat'l Mortg. Ass'n v. Wilson*, No. 2:18-cv-00366-JAW, 2019 WL 1915618, at *3 (D. Me. Apr. 30, 2019)). Section 6111 is the basis for that statutory responsibility. Under the statute, a lender must send a borrower-in-default a notice to cure that includes "[a]n itemization of all past due amounts causing the loan to be in default and the total amount due to cure the default." 14 M.R.S.A. § 6111(1-A)(B). Lenders must "strictly perform[]" all notice requirements under section 6111, *id.* § 6321 (West 2023), failing which a defendant borrower is entitled to judgment on a foreclosure claim. *See, e.g.*, *Thomas*, 2022 WL 4546177, at *5; *U.S. Bank Tr., N.A. v. Jones*, 330 F. Supp. 3d 530, 537-38 (D. Me. 2018); *see also Greenleaf*, 2014 ME 89, ¶ 31, 96 A.3d 700.

The notice U.S. Bank sent the Pikes does not meet the exacting standard of strict statutory compliance. After stating that the Pikes' "loan is eighty-nine (89)

---

[4] U.S. Bank also contends that the Pikes are judicially estopped from raising defenses to the foreclosure claim that are "inconsistent with the positions they took in 2012 and 2014 . . . when they petitioned for and obtained discharges of their personal liability for the [mortgage] in their Chapter 7 bankruptcy proceedings." ECF No. 53 at 1-2; *see also* ECF No. 53 at 6. The bank is right that a party is judicially estopped "from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another." *See Patriot Cinemas, Inc. v. Gen. Cinemas Corp.*, 834 F.2d 208, 212 (1st Cir. 1987). In this instance, however, judicial estoppel does not preclude the Pikes from contesting the foreclosure on the basis that the bank sent them a statutorily deficient notice of their right to cure. The Pikes did not—and could not—take a contrary position in their bankruptcies, which predated the January 7, 2019, notice by several years.

4

months in default for failure to make payments of principal and interest when due," the notice presents a purported "itemization of all past due amounts . . . causing the loan to be in default" in the form of a non-exclusive list including "reasonable interest and late charges, attorney's fees and other reasonable fees and costs." ECF No. 1-6 at 2. A two-line accounting—consisting of "Amount of Past Due Payments" ($219,203.15) and "Late Charges" ($192.34)—immediately follows. ECF No. 1-6 at 2. Aside from late charges, the notice does not disaggregate the individual amounts due for principal, interest, and attorney's fees. Nor does the notice explain what constitutes the "reasonable fees and costs" included in the cure amount, let alone quantify them. And the notice does not mention or quantify delinquent escrow payments, which U.S. Bank conceded at trial are included in the past due amounts causing the Pikes' loan to be in default.

An "itemization" is the noun form of the verb "itemize," which means "[t]o list in detail; to state by items." *Itemize*, Black's Law Dictionary (11th ed. 2019). By omitting various "past due *amounts*" from the "itemization" in the notice to cure, U.S. Bank left the Pikes with insufficient information to determine whether the cure amount was accurate and complete, and, in turn, to make an informed response. 14 M.R.S.A. § 6111(1-A)(B) (emphasis added). Accordingly, the notice was legally deficient because it failed to strictly comply with what 14 M.R.S.A. § 6111(1-A)(B) requires. The Pikes are therefore entitled to judgment on U.S. Bank's foreclosure claim.

## III. CONCLUSION

Based on the above findings and conclusions, it is **ORDERED** that judgment is entered in favor of Defendants Peter F. Pike and Christina Pike, and against Plaintiff U.S. Bank N.A., Successor Trustee.

**SO ORDERED.**

**Dated this 25th day of October, 2023.**

                                                       /s/ Jon D. Levy
                                         **CHIEF U.S. DISTRICT JUDGE**